IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZALINO CAYABO,<br><br>    Petitioner,<br><br>  vs.<br><br>B. CURRY, Warden,<br><br>    Respondent. | No. C 10-3081 JSW (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>(Docket No. 5) |

## INTRODUCTION

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 challenging the denial of parole by the California Board of Parole Hearings ("Board"). Respondent has filed a motion to dismiss the petition for failing to state a valid claim for federal habeas relief. Petitioner filed an opposition, and Respondent filed a reply brief. For the reasons discussed below, the motion is GRANTED.

## BACKGROUND

In 1985, Petitioner was convicted of second-degree murder and was sentenced to a term of 17 years-to-life in state prison. In 2008, the Board found him unsuitable for parole. He challenged this decision in unsuccessful habeas petitions filed in all three levels of the California courts. Thereafter, he filed the instant federal petition.

**DISCUSSION**

Petitioner claims that the denial of parole violated his right to due process because it was not supported by sufficient evidence that he would pose a current risk to the public safety if released.

For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. The transcript of the parole hearing shows that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. (Pet. Exh. 8.) The constitution does not require more. *Id.* The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claim that the Board's decision was not supported by sufficient evidence fails to state a viable claim for federal habeas relief.

In his opposition, Petitioner contends that he has a "distinct" claim that is not barred by *Swarthout*. This claim is that the Board failed to articulate "what 'nexus' evidence is being relied upon by the Board or the 'Governor' as a basis to deny a set parole date." (Opp. at 2.) As explained above, *Swarthout* provides that the federal right to due process requires simply the opportunity to be heard and a statement of the reasons for denial, and nothing more. Articulating "nexus evidence," or any other particular kind

2

of evidence, is not part of the federal due process requirement.  Therefore, Petitioner's assertion that the Board had failed to articulate "nexus evidence" does not state a cognizable claim for the violation of his federal constitutional rights or for federal habeas relief.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (docket number 5) is GRANTED and the case is DISMISSED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed.  Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of his claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: May 31, 2011

JEFFREY S. WHITE
United States District Judge

3